# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSE A. VEGA,

      Petitioner,

v.                                       Case No. 19-CV-685

DANIEL WINKLESKI,

      Respondent.

## ORDER ON PETITIONER'S MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE AND RECOMMENDATION FOR DISMISSAL OF PETITION

Jose A. Vega, who is currently incarcerated at the New Lisbon Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Vega has also filed a motion for leave to proceed without prepayment of the filing fee. (Docket # 2.) Vega has submitted his prison trust account statement for the 6-month period immediately preceding the filing of the petition, in accordance with 28 U.S.C. § 1915(a)(2). (Docket # 8.)

Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Upon review of Vega's affidavit and his prison trust account statement, I find that he has insufficient assets to pay the $5.00 filing fee. Vega's trust account shows a zero balance (Docket # 8) and he has no other sources of income or assets (Docket # 2 at 2).

Thus, his motion for leave to proceed without prepayment of the filing fee is granted and I will screen his petition pursuant to Rule 4 of the Rules Governing § 2254 Cases. Rule 4 provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Vega acknowledges in his petition that he previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court in Case No. 10-CV-988. (Docket # 1 at 13.) In the previous petition, Vega challenged the same judgment of conviction he now challenges (Manitowoc County Case No. 06-CF-21). (Docket # 1 in Case No. 10-CV-988.) While the previous petition raised an ineffective assistance of counsel claim based on trial counsel's alleged failure to rebut fingerprint evidence (Docket # 1 at 2 in Case No. 10-CV-988), Vega's current petition raises ineffective assistance of trial counsel claims for failure to call certain witnesses and ineffective assistance of post-conviction counsel claims for failure to raise certain issues (Docket # 1 at 8–13 in Case No. 19-CV-685).

While 28 U.S.C. § 2244(b)(2) allows habeas petitioners to present claims in a second or successive habeas corpus petition under § 2254 in certain limited circumstances, the applicant must first seek and obtain an order from the appropriate court of appeals authorizing the district court to consider the application. Section 2244(b)(3)(A) states as follows: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Nowhere in Vega's petition does he indicate that he sought leave and obtained permission from the Seventh Circuit Court of

2

Appeals to file a second or successive habeas petition. Until Vega obtains such authorization from the Seventh Circuit Court of Appeals, his petition must be denied. *See Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("The district court had no option other than to deny the petition. No matter how powerful a petitioner's showing, only this court may authorize the commencement of a second or successive petition."). As such, because Vega has not obtained prior permission from the court of appeals, it is recommended that this action be dismissed for lack of jurisdiction. *See id.* [1]

Any petitioner appealing a district court's ruling dismissing his motion under 28 U.S.C. § 2254 must first secure a certificate of appealability from the district court or the court of appeals. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1). That is true even when a movant is appealing from the dismissal of an unauthorized second or successive motion. *See Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005). Therefore, as required by Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, this Court certifies to the court of appeals that it has concluded jurists of reason would not find it debatable whether this Court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2). Therefore, I recommend that this Court decline to issue a certificate of appealability. Of course, Vega retains the right to seek a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22(b).

**NOW, THEREFORE, IT IS ORDERED** that Vega's motion for leave to proceed without prepaying the filing fee (Docket # 2) is **GRANTED**;

**IT IS FURTHER RECOMMENDED** that this action be **DISMISSED** for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b);

---

[1] Because the respondent has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 29th day of May, 2019.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge