UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSE A. VEGA,

        Petitioner,

v.                                                   Case No. 19-C-685

DANIEL WINKLESKI,

        Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING PETITION**

On May 10, 2019, Petitioner Jose A. Vega, who is currently incarcerated at New Lisbon Correctional Institution (NLCI), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 that challenges the judgment of conviction in Manitowoc County Case No. 2006CF21. In that case, a jury found Vega guilty for first-degree intentional homicide as party to a crime, and Vega was sentenced to a life term of imprisonment with a parole eligibility date of October 24, 2037. On May 29, 2019, Magistrate Judge Nancy Joseph screened Vega's petition and issued a Report and Recommendation that the petition be dismissed for lack of jurisdiction under 28 U.S.C. § 2244(b). Vega has since filed objections to the Report and Recommendation.

In the present petition, Vega acknowledges that he filed a previous § 2254 petition in this court that challenged the same judgment of conviction he seeks to challenge a second time. Dkt. No. 1 at 13–14; Case No. 10-CV-988-AEG (E.D. Wis.), Dkt. No. 1 at 1. A federal habeas petitioner cannot file a second or successive petition that challenges the same conviction challenged in a previous petition for habeas relief that was decided on the merits absent an order from the court of

appeals authorizing the district court to consider the petition. *See* § 2244(b); *In re Page*, 179 F.3d 1024, 1025 (7th Cir. 1999); Case No. 10-CV-988-AEG (E.D. Wis.), Dkt. No. 14 (denying Vega's petition on the merits). It is on this ground that Judge Joseph recommended that Vega's petition be dismissed for lack of jurisdiction.

In his objections, Vega does not dispute that he did not obtain an authorization order from the court of appeals. Instead, Vega notes that he was not previously informed of this requirement and that his access to legal materials in NLCI's law library means little absent knowledge of which statutes to read. Vega also asks that, as an alternative to dismissal, the court stay the case for sixty days to allow him time to seek authorization from the court of appeals and that the court reject as premature Judge Joseph's recommendation that a certificate of appealability be denied. Vega argues that a decision on the certificate of appealability issue is premature "considering the merits of petition have not yet been addressed nor decided." Dkt. No. 11 at 2.

Section 2244(b) provides no statutory exception for a petitioner's ignorance of the law. Vega's unfamiliarity with § 2244(b) therefore does not obviate this court's obligation to enforce it. Nor does § 2244(b) permit the court to stay the case pending a petitioner's filing of an authorization request to the court of appeals. This is because, "[f]rom the district court's perspective, [§ 2244(b)(3)] is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Vega's petition qualifies as second or successive under § 2244(b) and must therefore be dismissed. The court lacks jurisdiction over the petition because Vega has not yet obtained an authorization order from the court of appeals.

The court will also deny a certificate of appealability for the reasons stated in the Report and Recommendation. Vega argues that denying a certificate of appealability is premature given that the merits of the petition have not been reached. Vega is mistaken. A district court's dismissal of a petition as second or successive constitutes a final order under 28 U.S.C. § 2253(c) and therefore a petitioner seeking to appeal the dismissal must first obtain a certificate of appealability. *See Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005); 28 U.S.C. § 2253(c). Despite this court's denial of a certificate of appealability, Vega retains the right to seek a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22(b).

For these reasons, the court rejects Vega's objections, adopts the Report and Recommendation (Dkt. No. 10), dismisses Vega's petition (Dkt. No. 1), and does not issue a certificate of appealability. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** this  24th  day of June, 2019.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court